[Cite as *Whitehair v. Stiers*, 2016-Ohio-348.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| JACK WHITEHAIR | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellant | : | Hon. W. Scott Gwin, J. |
| | : | Hon. William B. Hoffman, J. |
| -vs- | : | |
| | : | |
| JOSH STIERS, ET AL. | : | Case No. 15-CA-18 |
| | : | |
| Defendants-Appellees | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                 Pleas, Case No. 13-CV-482




JUDGMENT:                        Affirmed




DATE OF JUDGMENT:                January 29, 2016




APPEARANCES:

For Plaintiff-Appellant                    For Defendants-Appellees

FREDERICK A. SEALOVER                      RYAN H. LINN
45 North Fourth Street                     50 North Fourth Street
P.O. Box  2910                             P.O. Box 1030
Zanesville, OH  43702-2910                 Zanesville, OH  43702-1030

*Farmer, P.J.*

{¶1} On August 15, 2013, appellees, Josh and Jenny Stiers, granted appellant, Jack Whitehair, and his late wife Joan, a twenty-five foot right of way for ingress and egress over their driveway and extending beyond their driveway and down an embankment to a forty acre parcel owned by appellant.[1] The right of way was the result of a settlement between the parties of a prior action, Guernsey Case No. 12CV284. The right of way was recorded on August 21, 2013 at Vol. 506, Page 2692 of the Official Records of Guernsey County, Ohio.

{¶2} On September 15, 2013, appellant met with a contractor to discuss laying gravel on the right of way so it could be passable in adverse weather. Appellee Josh Stiers appeared and informed appellant he could not do so and an argument ensued.

{¶3} On or about October 11, 2013, appellant notified appellees that licensees, hunters from New York, would be using the right of way. On October 12, 2013, appellee Josh Stiers refused permission for the hunters to enter the right of way.

{¶4} On October 18, 2013, appellant and his late wife filed a complaint against appellees, claiming breach of the peace for the two incidents on September 15, and October 12, 2013, and material interference with their use of the right of way on those same dates. They also sought a preliminary and permanent injunction to enforce the right of way.

{¶5} On November 14, 2013, the complaint was amended to change "licensees" to "invitees." On May 16, 2014, the complaint was again amended to add a claim for declaratory judgment.

---

[1]Mrs. Whitehair passed away on September 19, 2014.

{¶6} A bench trial was held on June 1, 2015. By findings of fact, conclusions of law, and judgment entry filed June 4, 2015, the trial court determined the placing of gravel over the right of way "would be an improvement, not repairing and placing the Right of Way in to as good condition as it was prior to the damage or need for maintenance," as at the time of the right of way recording, "there was no gravel on the Right of Way"; therefore, appellees did not breach the peace or materially interfere with appellant's use of the right of way on September 15, 2013. As for the October 12, 2013 incident, the trial court found appellant's notice to appellees "was sufficient reasonable notice at the time," but appellant "suffered no monetary damages." The trial court awarded appellant $1.00 "for interference with, and denial of access to, the Right of Way." The trial court granted a permanent injunction requiring the parties to comply with the right of way agreement, and ordered that a reasonable notice to appellees must be in writing and sent by ordinary mail seven days prior to the date hunters would be accessing the right of way.

{¶7} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶8} "THE TRIAL COURT ERRED BY FINDING THAT LAYING A BASE OF SHALE AND GRAVEL ON THE PLAINTIFF-APPELLANT'S RIGHT-OF-WAY TO BE AN IMPROVEMENT, RATHER THAN REPAIR."

II

{¶9} "THE TRIAL COURT ERRED BY FINDING THAT A BREACH OF THE PEACE AND MATERIAL INTERFERENCE WITH THE PLAINTIFF-APPELLANT'S USE OF HIS RIGHT OF WAY ON SEPTEMBER 15, 2013 [DID NOT OCCUR]."

{¶10} Appellant's two assignments of error challenge the determination made by the trial court based upon the evidence presented.

{¶11} On review for manifest weight, the standard in a civil case is identical to the standard in a criminal case: a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury [or finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin,* 20 Ohio App.3d 172, 175 (1st Dist.1983). See also, *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52; *Eastley v. Volkman,* 132 Ohio St.3d 328, 2012-Ohio-2179. In weighing the evidence, however, we are always mindful of the presumption in favor of the trial court's factual findings. *Eastley* at ¶ 21. "In a civil case, in which the burden of persuasion is only by a preponderance of the evidence, rather than beyond a reasonable doubt, evidence must still exist on each element (sufficiency) and the evidence on each element must satisfy the burden of persuasion (weight)." *Id.* at ¶ 19.

{¶12} In addition, the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison,* 49 Ohio St.3d 182 (1990). The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 1997-Ohio-260.

I

{¶13} Appellant claims the trial court erred in determining the laying of gravel on the right of way was an improvement rather than a repair. We disagree.

{¶14} The subject right of way was granted to appellant and his late wife on August 15, 2013, for ingress and egress to their forty acre parcel. The right of way was the result of a settlement between the parties of a prior action. The right of way was recorded on August 21, 2013 at Vol. 506, Page 2692 of the Official Records of Guernsey County, Ohio. The pertinent provision of the right of way states: "The actions of either Grantors or Grantees cause damage or create the need for maintenance on the Right of Way, the responsible party shall repair and place the Right of Way in to as good condition as it was prior to the damage or need for maintenance."

{¶15} In its June 4, 2015 decision, the trial court concluded the following at Conclusions of Law Nos. 1 and 2:

1. The Court concludes as a matter of law that adding a base of shale and gravel on the Right of Way would be an improvement, not repairing and placing the Right of Way in to as good condition as it was prior to the damage or need for maintenance. Although there may have been gravel on the Right of Way in the past, at the time the Right of Way Agreement was recorded, August 21, 2013, there was not gravel on the Right of Way. The Court must look at the conditions of the Right of Way at the time the Agreement was recorded.

2. The Court concludes as a matter of law that as adding a base of shale and gravel on the Right of Way would be an improvement, not repairing and placing the Right of Way in to as good condition as it was prior to the damage or need for maintenance, Defendant did not breach the

peace or materially interfere with Plaintiff's right to use the Right of Way on September 15, 2013.

{¶16} The gravamen of this issue is the meaning of "maintenance" within the parameters of the right of way agreement and the historical circumstances.

{¶17} The testimony establishes a pathway for ingress and egress was graveled from 1990 to 1995 for an oil company to access an oil well. T. at 55-57, 67, 102-104. Appellees acquired the property in 2002/2003. T. at 143. By the time appellees granted the right of way to appellant in August 2013, the gravel pathway beyond appellees' driveway had eroded and was overgrown, and a gravel base was not visible and the pathway was wet with ruts. T. at 29, 52-53, 57, 63, 68-69, 75, 80, 83-84, 89-90, 137, 144, 149-150, 156, 158, 162, 185. Appellant testified the pathway was not graveled in August 2013, he had never graveled it, and graveling had not been done since the 1990s. T. at 123, 126, 128. Appellant's exhibits included photographs demonstrating the pathway was a rutted, grass pathway and at times muddy and wet. Plaintiff's Exhibits 4-10.

{¶18} Because the language of the right of way is written in the present tense, we concur with the trial court that the requirement that the right of way be repaired "in to as good condition as it was prior to the damage or need for maintenance" refers to the original condition of the right of way in August 2013. Nowhere in the right of way agreement is there a provision permitting an improvement to the right of way.

{¶19} A reading of the right of way agreement leads to the sole conclusion that the agreement grants a very restrictive right of way. Therefore, the language must be

strictly construed.  There is no doubt that using gravel to replenish the pathway is but an improvement and not a technical repair.

{¶20}  Upon review, we find the trial court's analysis to be correct.

{¶21}  Assignment of Error I is denied.

II

{¶22}  Appellant claims the trial court erred in determining a breach of the peace and a material interference did not occur on September 15, 2013.  We disagree.

{¶23}  On September 15, 2013, appellant and his contractor where on the right of way to evaluate the pathway for graveling.  T. at 99.  A heated argument ensued between appellant and appellee Josh Stiers over the right to gravel the right of way.  *Id.*  There was no denial of access to appellant's property.  The trial court's determination that a breach of the peace and a material interference did not occur is substantially linked to the findings in Assignment of Error I.

{¶24}  Upon review, we find the trial court did not err in its determination of the September 15, 2013 incident.

{¶25}  Assignment of Error II is denied.

{¶26}  The judgment of the Court of Common Pleas of Guernsey County, Ohio is hereby affirmed.

By Farmer, P.J.

Gwin, J. and

Hoffman, J. concur.

SGF/sg 112